# EXHIBIT A

Filing # 219958249 E-Filed 03/31/2025 02:46:49 PM

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL ACTION

JUSTIN MAXNER

      **Plaintiff,**

**v.**                                 **CASE NO.:**

AMERICAN CONTRACT SYSTEMS, INC.
and  LEESAR, INC.

      **Defendants.**

_____/

## COMPLAINT FOR DAMAGES

    Plaintiff, **JUSTIN MAXNER** files this lawsuit against Defendants, **AMERICAN CONTRACT SYSTEMS, INC. and LEESAR, INC.**, as follows:

### I.    INTRODUCTION

1. This tragic case involves Plaintiff JUSTIN MAXNER (hereinafter "MAXNER"). For many years, Defendants AMERICAN CONTRACT SYSTEMS, INC. (hereinafter "ACS") and LEESAR, INC. (hereinafter "LEESAR") have been exposing residents and businesses of Fort Myers, Florida to ethylene oxide (hereinafter "EtO"). EtO is odorless and colorless, so Fort Myers persons like Plaintiff MAXNER, working next to the facility, never knew he was being exposed. However, the Defendants knew. Defendants with reckless disregard for Plaintiffs and other Fort Myers residents continued to release EtO into the atmosphere from the facility in Fort Myers, Florida. The close proximity of the ACS/LEESAR facility located at 11600 Adelmo Ln, Fort Myers, FL 33966 to where MAXNER was employed located at 6241 Arc Way, Fort Myers, FL 33966 is shown in *Figure 1,* below.

1



*Figure 1*

2. Defendants partnered to sterilize and package items for surgical procedures from the Fort Myers facility described and shown above.

3. Defendants, ACS and LEESAR, with a conscious disregard for the safety exposed MAXNER to high and/or unlawful and toxic levels of EtO. Defendants chose to operate and release EtO into the air in a densely populated area where people reside, work, go to school, and attend religious services.

2

4.  MAXNER has worked next to and/or close to the facility since 2014.  During that time he inhaled substantial and dangerous amounts of EtO emitted from the facility.

## II.    PARTIES

5.  MAXNER who at all times relevant to this action was a resident of Lee County, Florida and worked in the area impacted by EtO from the facility located at 11600 Adelmo Ln, Fort Myers.  Plaintiff was exposed to and inhaled EtO from where he worked at 6241 Arc Way, Fort Myers, FL 33966.

6.  ACS  is a corporation who does regular business in Lee County, Florida.  ACS operates a sterilization business at 11600 Adelmo Ln, Fort Myers, FL 33966 known as the American Contract Systems/LeeSar Plant.  The plant is a joint operation with ACS and LEESAR.

7.  LEESAR  is Florida a corporation with its principal place of business at 2727 Winkler Avenue, Fort Myers, Florida, 33901. LEESAR has a joint operation with ACS for sterilization and packaging of surgical products at 11600 Adelmo Ln, Fort Myers, FL 33966 known as the American Contract Systems/LeeSar Plant.

## III.    JOINT VENTURE

8.  Each members of a joint venture and the joint venture itself are responsible for the wrongful conduct of a member acting in furtherance of the venture.

9.  Upon information and belief, LESSAR builds the medical supply surgical packs and provides the packs to ACS to sterilize the packs which are then distributed to medical facilities by LEESAR.  It is a joint venture between the two companies.

10. Plaintiffs believe and thereon allege that ACS and LEESAR were operating a joint venture because there was a community of interest in the performance of a common purpose, joint

3

control or right of control, a joint proprietary interest in the subject matter and a right to share in the profits and/or losses.

11. Plaintiff believes that at 11600 Adelmo Ln, Fort Myers, FL 33966 there was a joint operation and/or partnership to sterilize medical and/or surgical products and is known as the American Contract Systems/LeeSar Plant.

## IV.    <u>JURISDICTION AND VENUE</u> **This court has jurisdiction**

12. This Court has jurisdiction as Defendant LEESAR is a Florida corporation with its principal place of business in Lee County, Florida and ACS does regular business in Fort Myers, Florida.

13. Additionally, at all times material hereto, Plaintiff resides and works in Lee County, Florida and sustained damages in Lee County, Florida that exceed the jurisdictional minimum for this Court.

14. Venue is proper in Lee County, Florida because Defendants perform business in Lee County, Florida and substantial parts of the events, acts, omissions, harms, losses and transactions occurred in Lee County, Florida.

## V.    <u>FACTUAL ALLEGATIONS ETHYLENE OXIDE ("EtO")</u>

15. EtO is a hazardous chemical compound used to sterilize or fumigate products such as medical supplies, food products and cosmetic and pharmaceutical ingredients.  It is an extremely efficient chemical agent causing mutations in DNA molecules with which it reacts.

16. When emitted into the air the same properties which made EtO so effective as a sterilizing agent render it extremely dangerous to human beings.  Once emitted, EtO remains in the air without breaking down for long periods of time.

4

17. EtO is odorless and colorless. It is also widely understood in the scientific community as a toxin.

18. The DNA damaging properties of EtO have been studied for decades and the consensus of the scientific community is that EtO is toxic and harmful to human health.

19. Acute exposures to EtO can cause nausea, vomiting, cancer, neurological disorders, bronchitis, pulmonary edema and emphysema.

20. The atmospheric half-life of EtO is long, greater than 100 days. It is well known that gaseous EtO from sterilization are difficult to control.

## VI.    ACS/LEESAR PLANT

21. The operation between ACS and LEESAR takes place across the street from where MAXNER worked each day.

22. The facility at 11600 Adelmo Ln, Fort Myers, FL 33966 has been in operation since at least June 2010. The facility sterilizes medical devices. After and/or during sterilization EtO hazardous gas is released into the environment from the facility. Air scrubbers are necessary to control the release of high-concentration and extremely potent emissions by filtering the EtO in chambers before it is released.

23. At all times material hereto heated/aeration cabinets were not connected to scrubbers.

24. ACS and LEESAR jointly and/or ACS individually sterilizes medical equipment and discharged the EtO into the air surrounding the plant/facility located at 11600 Adelmo Ln, Fort Myers, FL 33966. Over the years of operation, large quantities of EtO has been released into the air. Once emitted EtO is dispersed into the open air where it is breathed by a number of persons including MAXNER.

5

25. Over the years ACS and LEESAR constantly emitted dangerously high amounts of EtO resulting in high atmospheric concentrations of EtO in area where MANXER worked.

26. The Environmental Protection Agency ("EPA") discovered high levels of EtO emissions being released from the facility at 11600 Adelmo Ln, Fort Myers, FL into the environment.

27. In July 2023 ACS installed three dry bed scrubbers to reduce air pollution associated with the facility's medical equipment sterilization activities.

28. On November 1, 2023, the EPA held a public meeting alerting the public regarding hazardous EtO emissions being released from the facility at 11600 Adelmo Ln, Fort Myers, FL into the environment.

29. The 6241 Arc Way, Fort Myers, FL 33966 location where MAXNER worked was exposed to EtO emissions. *Figure 2* below shows the risk areas to the hazardous EtO emissions from Defendants' plant. The photo on the left shows risk exposure before the July 2023 scrubbers were installed. The photo on the right is a model after the July 2023 scrubbers were installed. MAXNER's place of work is located in the light yellow.



*Figure 2*

6

30. At all relevant times Defendants knew or should have known that EtO was and is harmful to humans and toxic to human health. Additionally, at all relevant times Defendants knew or should have known that EtO has been scientifically proven to cause various illnesses including but not limited to neurological.

31. At no time did Defendants warn MAXNER or residents and/or business in the neighboring community about the EtO exposure they faced on a daily basis.

## VII.    CAUSES OF ACTION

### COUNT I NEGLIGENCE

32. Plaintiff MAXNER incorporates and realleges all of the preceding paragraphs.

33. As described above LEESAR builds the medical supply surgical packs and provides the packs to ACS to sterilize the packs which are then distributed to medical facilities by LEESAR. It is a joint venture between the two companies. The two defendants have jointly operated, distributed, inspected, controlled, managed the subject facility and/or surgical packs at the subject facility located at 11600 Adelmo Ln, Fort Myers, FL 33966.

34. At all times material hereto heated/aeration cabinets were not connected to scrubbers.

35. At all times material hereto ACS and/or LEESAR operated, inspected, controlled, managed maintained and/or were responsible for testing and regulatory compliance of air scrubbers at the subject facility located at 11600 Adelmo Ln, Fort Myers, FL 33966.

36. At all times material hereto the emissions were not adequately monitored and/or measured. Defendants had a duty to adequately monitor and measure the emissions.

37. At all times material hereto ACS and/or LEESAR had a duty to exercise the utmost care and diligence in the ownership, partnership, venture, design, operation, management,

7

supervision, inspection, maintenance, repair of the subject facility located at 11600 Adelmo Ln, Fort Myers, FL 33966.

38. At all times material hereto ACS and/or LEESAR had a duty to exercise the utmost care and diligence in the ownership, partnership, venture, design, operation, management, supervision, inspection, maintenance, repair of the subject facility located at 11600 Adelmo Ln, Fort Myers, FL 33966 in compliance with relevant regulations, industry standards, common sense, safety so as to not cause harm to individual persons, public health and/or interfere with the comfortable use and enjoyment of life.

39. At all times material hereto ACS and/or LEESAR had a duty to exercise the utmost care and diligence in the ownership, partnership, venture, design, operation, management, supervision, inspection, testing, regulatory compliance, maintenance, repair of the air scrubbers at the subject facility located at 11600 Adelmo Ln, Fort Myers, FL 33966.

40. At all times material hereto ACS and/or LEESAR had a duty to exercise the utmost care and diligence in the ownership, partnership, venture, design, operation, management, supervision, inspection, testing, regulatory compliance, maintenance, repair of the air scrubbers at the subject facility located at 11600 Adelmo Ln, Fort Myers, FL 33966 by not capturing at least 99.9% of the emissions from every aeration cabinet.

41. At all times material hereto ACS and/or LEESAR had a duty to exercise the utmost care and diligence in the ownership, partnership, venture, design, operation, management, supervision, and monitoring of EtO levels at their facility located at 11600 Adelmo Ln, Fort Myers, FL 33966.

42. At all times material hereto ACS and/or LEESAR breached its duties and negligently carelessly, and recklessly owned, partnered, ventured, designed, operated, managed,

8

supervised, tested, inspected, managed  the subject facility located at 11600 Adelmo Ln, Fort Myers, FL 33966 including but not limited to failing to properly operate, inspect, test, monitor, and/or maintain the air scrubbers and/or heated/aeration cabinets allowing significate discharge of poorly monitored EtO to where MAXNER worked and/or failing to timely mitigate or repair fugitive discharge or emissions.

43. At all times material hereto ACS and/or LEESAR breached its duties and negligently carelessly, and recklessly operated and chose to locate its facility at 11600 Adelmo Ln, Fort Myers, FL 33966 with knowledge that there were businesses, schools, residences, places of worship and other public and private areas that would contain a lot of people with the knowledge its facility was emitting EtO from the facility into an area that was heavily populated instead of locating the subject facility in a secluded area.

44. At all times material hereto ACS and/or LEESAR breached the aforesaid duties.

45. Defendants ACS and LEESAR knew or should have known the emissions from the subject facility would cause harm to persons including MAXNER.

46. Defendants ACS and LEESAR knew or should have known that it did not properly monitor and/or measure the EtO.

47. Defendants ACS and LEESAR knew or should have known that failure to properly test for and filter EtO emitted from the subject facility would cause injuries to persons including MAXNER.

48. Defendants ACS and LEESAR knew or should have known that its facility was close to schools, residences, businesses, areas of worship and other parts of the community rather than in a secluded location.

9

49. Defendants ACS and LEESAR knew or should have known that breathing and inhaling EtO would pose and did pose a significant threat of harm to persons including MAXNER.

50. Defendants ACS and LEESAR knew or should have known that it was not capturing at least 99.9% of emissions from every aeration cabinet.

51. In failing to adequately scrub potent EtO emissions which were released into the atmosphere, Defendants created a substantial risk of injury to MAXNER who worked next to the subject facility. Defendants releases into the atmosphere and failure to warn or notify persons in the affected area of the community, including MAXNER, were a direct cause of MAXNER's injuries. ACS and LEESAR concealed from MAXNER important information regarding discharge from the subject facility relating to MAXNER's health.

52. As a direct and proximate result of the negligence described above MAXNER suffered bodily injury, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, the loss of the ability to earn money, and aggravation of a previously existing condition. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, JUSTIN MAXNER, demands judgment against Defendants, AMERICAN CONTRACT SYSTEMS, INC. and LEESAR, INC., for damages, plus costs of this action, pre-judgment interest, and demands a trial by jury of all issues triable by jury.

## COUNT II STRICT LIABILITY ULTRAHAZARDOUS ACTIVITY

53. Plaintiff JUSTIN MAXNER incorporates and realleges all preceding paragraphs of this Complaint as though fully set forth herein.

10

54. EtO is odorless, colorless, and chemically volatile. It is a highly effective sterilizing agent but also a known neurotoxin and mutagen. Once emitted into the atmosphere, EtO remains in gaseous form and may persist for extended periods, during which it may be inhaled by individuals in the surrounding community.

55. EtO is a product that was placed into the stream of commerce and/or released into the public environment through the deliberate design and operation of sterilization processes at the ACS/LEESAR facility located at 11600 Adelmo Ln, Fort Myers, FL 33966. EtO emitted from this facility entered the airspace of nearby areas, including the location where Plaintiff worked.

56. EtO is a dangerous product due to its inherent neurotoxic properties. Exposure to EtO through inhalation causes neurological damage, including but not limited to:

    a. Peripheral neuropathy
    b. Impaired motor function
    c. Memory loss and cognitive dysfunction
    d. Mood disturbances, anxiety, and depression
    e. Chronic neurological deterioration

57. As a direct result of inhaling EtO emissions from Defendants' facility, Plaintiff has suffered injuries.

58. The EtO emitted into the surrounding community:

    a. lacked adequate containment and emission control;
    b. lacked proper warnings regarding the risks of neurological harm;
    c. lacked adequate monitoring and measuring;
    d. Safer alternative designs existed (e.g., complete scrubber control of all cabinets) which would have substantially reduced or eliminated the risk of harm.
    e. That was heavily populated rather than reasonably secluded

59. Plaintiff was a foreseeable person exposed to this hazardous product through environmental release, and Defendants failed to take reasonable steps to eliminate or

11

mitigate the danger.

60. At all relevant times, Defendants jointly and/or individually engaged in an activity involving the regular use and emission of Ethylene Oxide (EtO), a highly toxic chemical, through the operation of a sterilization facility located at 11600 Adelmo Ln, Fort Myers, FL 33966. The activity of sterilizing medical products using EtO and releasing the resulting emissions into the surrounding airspace constitutes an abnormally ultrahazardous dangerous activity under Florida law and the Restatement (Second) of Torts § 520.

61. At all times material hereto the activity of sterilizing medical products using EtO and releasing the resulting emissions into the surrounding airspace constitutes an abnormally ultrahazardous dangerous activity for the following reasons:

   a. **High Degree of Risk**: The activity involves a high degree of risk of harm to nearby persons, including the Plaintiff, who worked in close proximity to the facility.
   b. **Likelihood of Severe Harm**: The potential harm includes irreversible neurological damage, cancer, and other life-altering conditions.
   c. **Inability to Eliminate Risk with Reasonable Care:** Even with some emission controls, including limited scrubbers, the risk cannot be completely eliminated. EtO off-gasses from aeration cabinets and escapes into the community.
   d. **Not a Common Usage**: The use of EtO in sterilization and its release into the environment is not a common activity or something that the general public engages in.
   e. **Inappropriateness of Location**: The facility is located in a heavily populated commercial and residential area near schools, businesses, and places of worship. Emitting EtO in such a location is inherently inappropriate.
   f. **Low Community Value Compared to Risk**: While sterilization is necessary, the method used and location chosen by Defendants present risks that far outweigh the benefit to the local community, especially when safer locations and methods are available.

62. As a result, Defendants are strictly liable for the injuries caused by this abnormally ultrahazardous dangerous activity, regardless of whether they exercised reasonable care.

12

63. As a direct and proximate result of the above MAXNER suffered bodily injury, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, the loss of the ability to earn money, and aggravation of a previously existing condition. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, JUSTIN MAXNER, demands judgment against Defendants, AMERICAN CONTRACT SYSTEMS, INC. and LEESAR, INC., for damages, plus costs of this action, pre-judgment interest, and demands a trial by jury of all issues triable by jury.

## COUNT III STATUTORY STRICT LIABILITY

64. Plaintiff JUSTIN MAXNER incorporates and realleges all preceding paragraphs of this Complaint as though fully set forth herein.

65. EtO is odorless, colorless, and chemically volatile. It is a highly effective sterilizing agent but also a known neurotoxin and mutagen. Once emitted into the atmosphere, EtO remains in gaseous form and may persist for extended periods, during which it may be inhaled by individuals in the surrounding community.

66. EtO is a product that was placed into the stream of commerce and/or released into the public environment through the deliberate design and operation of sterilization processes at the ACS/LEESAR facility located at 11600 Adelmo Ln, Fort Myers, FL 33966. EtO emitted from this facility entered the airspace of nearby areas, including the location where Plaintiff worked.

67. EtO is a "Hazardous substance(s)" as defined by Fla. Stat. § 376.301. Under the statute "Hazardous substances" means those substances defined as hazardous substances in the

13

Comprehensive Environmental Response, Compensation and Liability Act of 1980, Pub. L. No. 96-510, 94 Stat. 2767, as amended by the Superfund Amendments and Reauthorization Act of 1986.

68. As a direct result of EtO emissions from Defendants' facility, Plaintiff has suffered injuries.

69. The EtO emitted into the surrounding community:

   a.  lacked adequate containment and emission control;
   b.  lacked proper warnings regarding the risks of neurological harm;
   c.  lacked adequate monitoring and measuring;
   d.  Safer alternative designs existed (e.g., complete scrubber control of all cabinets) which would have substantially reduced or eliminated the risk of harm.
   e.  That was heavily populated rather than reasonably secluded

70. Plaintiff was a foreseeable person exposed to this hazardous substance through environmental release, and Defendants failed to take reasonable steps to eliminate or mitigate the danger.

71. Pursuant to Fla. Stat. § 376.313(3) ACS and LEESAR are strictly liable for the damages caused to MAXNER by discharge of EtO.  Under the statute:

   …..nothing contained in ss. 376.30-376.317 prohibits any person from bringing a cause of action in a court of competent jurisdiction for all damages resulting from a discharge or other condition of pollution covered by ss. 376.30-376.317 and which was not authorized pursuant to chapter 403. Nothing in this chapter shall prohibit or diminish a party's right to contribution from other parties jointly or severally liable for a prohibited discharge of pollutants or hazardous substances or other pollution conditions. Except as otherwise provided in subsection (4) or subsection (5), in any such suit, it is not necessary for such person to plead or prove negligence in any form or manner. Such person need only plead and prove the fact of the prohibited discharge or other pollutive condition and that it has occurred. The only defenses to such cause of action shall be those specified in s. 376.308.

14

72. As a direct and proximate result of the above MAXNER suffered bodily injury, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, the loss of the ability to earn money, and aggravation of a previously existing condition.  These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, JUSTIN MAXNER, demands judgment against Defendants, AMERICAN CONTRACT SYSTEMS, INC. and LEESAR, INC., for damages, plus costs of this action, pre-judgment interest, and demands a trial by jury of all issues triable by jury.

## VIII.   **DEMAND FOR JURY TRIAL**

73. Plaintiff demands a trial by jury of all issues triable by jury.

**VILES & BECKMAN, L.L.C.**
6350 Presidential Court, Suite A
Fort Myers, Florida  33919
Telephone:  (239) 334-3933
Facsimile;    (239) 334-7105
Primary Email: Barbara@vilesandbeckman.com
Secondary Email: Michael@vilesandbeckman.com
Luis@vilesandbeckman.com
Pleadings@vilesandbeckman.com

 **/s/ Barbara L. Walsh**
**Barbara L. Walsh, Esquire**
**FBN: 1030901**

 **/s/ Michael L. Beckman**
**Michael L. Beckman, Esquire**
**FBN: 128279**

15

Filing # 221887539 E-Filed 04/28/2025 10:03:18 AM

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL ACTION

JUSTIN MAXNER

      **Plaintiff,**

v.                                     **CASE NO.: 25-CA-001717**

AMERICAN CONTRACT SYSTEMS, INC.
and  LEESAR, INC.

      **Defendants.**
_____/

## SUMMONS
## IMPORTANT

TO:    **LEESAR, INC.**
        **By serving Registered Agent:**

        **Cross Street Corporate Services, LLC**
        **50 Central Ave, 8th Floor**
        **Sarasota, FL 34236**

A lawsuit has been filed against you. **You have twenty (20) calendar days after this summons (*"Except when suit is brought pursuant to f.s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."*) is served on you to file a written response to the attached complaint with the clerk of this Court.** A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

1

**IMPORTANTE**

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no la protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entragar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).+

**IMPORTANT**

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens pevent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous - meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff / Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff's Attorney:

**VILES & BECKMAN, L.L.C.**
6350 Presidential Court, Suite A
Fort Myers, Florida  33919
Telephone:  (239) 334-3933
Facsimile:   (239) 334-7105
Primary Email: Barbara@vilesandbeckman.com
Secondary Email: Micahel@vilesandbeckman.com
Luis@vilesandbeckman.com
Pleadings@vilesandbeckman.com

*/s/ Barbara L. Walsh*
**Barbara L. Walsh, Esq.**
**FBN: 1030901**

**/s/Michael L. Beckman**
**Michael L. Beckman, Esq.**
**FBN: 128279**

2

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint in this

lawsuit on the above named defendant.

DATED on _____, 2025

CLERK OF COURTS


By_____
As Deputy Clerk

3

Filing # 221887539 E-Filed 04/28/2025 10:03:18 AM

## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## IN AND FOR LEE COUNTY, FLORIDA
## CIVIL ACTION

JUSTIN MAXNER

      **Plaintiff,**

v.                                 **CASE NO.: 25-CA-001717**

AMERICAN CONTRACT SYSTEMS, INC.
and  LEESAR, INC.

      **Defendants.**
_____/

## SUMMONS
## IMPORTANT

    **TO:**    **AMERICAN CONTRACT SYSTEMS, INC.**
             **By serving Registered Agent:**

             **CT Corporation System**
             **1200 South Pine Island Road**
             **Plantation, FL 33324**

    A lawsuit has been filed against you. **You have twenty (20) calendar days after this summons** *("Except when suit is brought pursuant to f.s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.")* **is served on you to file a written response to the attached complaint with the clerk of this Court.** A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

1

**IMPORTANTE**

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no la protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entragar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).+

**IMPORTANT**

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens pevent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requirer les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous - meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff / Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff's Attorney:

**VILES & BECKMAN, L.L.C.**
6350 Presidential Court, Suite A
Fort Myers, Florida  33919
Telephone:  (239) 334-3933
Facsimile:   (239) 334-7105
Primary Email: Barbara@vilesandbeckman.com
Secondary Email: Micahel@vilesandbeckman.com
Luis@vilesandbeckman.com
Pleadings@vilesandbeckman.com

*/s/ Barbara L. Walsh*
**Barbara L. Walsh, Esq.**
**FBN: 1030901**

**/s/Michael L. Beckman**
**Michael L. Beckman, Esq.**
**FBN: 128279**

2

THE STATE OF FLORIDA:

To Each Sheriff of the State:

   **YOU ARE COMMANDED** to serve this summons and a copy of the complaint in this

lawsuit on the above named defendant.

   DATED on _____, 2025

                                    CLERK OF COURTS


                                    By_____
                                          As Deputy Clerk

3

Filing # 222335726 E-Filed 05/02/2025 04:05:39 PM

# RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Florida** | **County of Lee** | **Circuit Court** |

Case Number: 25-CA-001717

Plaintiff:
**JUSTIN MAXNER,**

vs.

Defendant:
**AMERICAN CONTRACT SYSTEMS, INC. AND LEESAR, INC.,**

CPA2025005261

For:
Barbara Walsh, Esquire
Viles & Beckman, LLC
6350 Presidential Court
Suite A
Fort Myers, FL 33919

Received by Attorneys Subpoena Service, Inc. on the 2nd day of May, 2025 at 8:13 am to be served on **LEESAR, INC. C/O CROSS STREET CORPORATE SERVICES, LLC, REGISTERED AGENT, 50 CENTRAL AVENUE, 8TH FLOOR, SARASOTA, FL 34236**

I, Gregory Schinzel C.P.S. #3003, do hereby affirm that on the **2nd day of May, 2025** at **12:27 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **Summons, Civil Cover Sheet, and Complaint for Damages** with the date and hour of service endorsed thereon by me, to: **ZACH BUFFINGTON** as **ATTORNEY** at the address of: **50 CENTRAL AVENUE, 8TH FLOOR, SARASOTA, FL 34236**, who stated they are authorized to accept service for **LEESAR, INC.**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
5/2/2025  12:27 pm  Served to attorney Zach Buffington at 50 CENTRAL AVENUE 8TH FLOOR, SARASOTA, FL 34236  Attempt location: (27.3369,-82.5427) accuracy 5 m.

**Description** of Person Served: Age: 40, Sex: M, Race/Skin Color: White, Height: 5'8", Weight: 175, Hair: Light Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action and served the documents in accordance with state statutes.  I declare under penalty of perjury that this information is true and correct.

**Gregory Schinzel C.P.S. #3003**
C.P.S. #3003

**Attorneys Subpoena Service, Inc.**
**2211 Widman Way Suite 210**
**Fort Myers, FL 33901**
**(239) 337-3783**

Our Job Serial Number: CPA-2025005261

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Filing # 221887539 E-Filed 04/28/2025 10:03:18 AM

| | |
|---|---|
| DELIVERED | 5/2/2025 12:27 PM |
| SERVER | GS |
| LICENSE | C.P.S. #3003 |

## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## IN AND FOR LEE COUNTY, FLORIDA
## CIVIL ACTION

**JUSTIN MAXNER**

     **Plaintiff,**

v.                                               **CASE NO.: 25-CA-001717**

**AMERICAN CONTRACT SYSTEMS, INC.**
**and  LEESAR, INC.**

     **Defendants.**
_____/

**<u>SUMMONS</u>**
**<u>IMPORTANT</u>**

    **TO:**    **LEESAR, INC.**
            **By serving Registered Agent:**

            **Cross Street Corporate Services, LLC**
            **50 Central Ave, 8th Floor**
            **Sarasota, FL 34236**

    A lawsuit has been filed against you.  **You have twenty (20) calendar days after this summons** *("Except when suit is brought pursuant to f.s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.")* **is served on you to file a written response to the attached complaint with the clerk of this Court.**  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

1

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no la protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entragar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).+

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens pevent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requirer les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous - meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff / Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff's Attorney:

**VILES & BECKMAN, L.L.C.**
6350 Presidential Court, Suite A
Fort Myers, Florida 33919
Telephone: (239) 334-3933
Facsimile: (239) 334-7105
Primary Email: Barbara@vilesandbeckman.com
Secondary Email: Micahel@vilesandbeckman.com
Luis@vilesandbeckman.com
Pleadings@vilesandbeckman.com

*/s/ Barbara L. Walsh*
**Barbara L. Walsh, Esq.**
**FBN: 1030901**

**/s/Michael L. Beckman**
**Michael L. Beckman, Esq.**
**FBN: 128279**

2

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint in this

lawsuit on the above named defendant.

DATED on ___05/01/2025___, 2025  Kevin C. Karnes

            CLERK OF COURTS

By_____

      As Deputy Clerk

3

eFiled Lee County Clerk of Courts Page 3

eFiled Lee County Clerk of Courts Page 4

Filing # 223270088 E-Filed 05/16/2025 10:42:50 AM

# RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Florida** | **County of Lee** | **Circuit Court** |

Case Number: 25-CA-001717

Plaintiff:
**JUSTIN MAXNER,**

vs.

Defendant:
**AMERICAN CONTRACT SYSTEMS, INC. AND LEESAR, INC.,**

CPA2025005809

For:
Barbara Walsh, Esquire
Viles & Beckman, LLC
6350 Presidential Court
Suite A
Fort Myers, FL 33919

Received by Attorneys Subpoena Service, Inc on the 13th day of May, 2025 at 9:59 am to be served on **AMERICAN CONTRACT SYSTEMS, INC. C/O C T CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, Broward County, FL 33324**

I, Roy Bates, do hereby affirm that on the **14th day of May, 2025** at **2:09 pm, I:**

served a **CORPORATE-REGISTERED AGENT** by delivering a true copy of the **Summons, Civil Cover Sheet, and Complaint for Damages** with the date and time of service, my initials, and identification number endorsed thereon by me to **Irenee Mortimer, an Intake Specialist, employed by the Registered Agent CT Corporation System** at the address of **1200 S Pine Island Road - Ste 250, Plantation, FL 33324** on behalf of **AMERICAN CONTRACT SYSTEMS, INC.**, I informed said person of the contents therein. Irenee Mortimer is described as a black female, estimated age of 35 years old with dark brown hair, 5' 6" tall, weighing 145, and was wearing glasses. Service was effectuated pursuant to F.S. 48.081 (3)(a)

Pursuant to Florida Statute 92.525 (2), I acknowledge that I, am a Special Process Server in good standing in the Judicial Circuit in which service was effected in Broward County, that I am over the age of 18, and that I am not a party to, nor interested in, the outcome of the above-entitled suit. Under penalties of perjury,  I declare I have read the foregoing verified Return of Service and the facts stated in it are true. No Notary Required.

**Roy Bates**
SPS #1383

5/14/2025
**Date**

**Attorneys Subpoena Service, Inc**
**2211 Widman Way - Ste 210**
**Fort Myers, FL 33901**
**(239) 337-3783**

Our Job Serial Number: CPA-2025005809

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0d

Filing # 221887539 E-Filed 04/28/2025 10:03:18 AM

| DELIVERED | 5/14/2025 2:09 PM |
| SERVER | RJB |
| LICENSE | SPS #1383 |

## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## IN AND FOR LEE COUNTY, FLORIDA
## CIVIL ACTION

JUSTIN MAXNER

      **Plaintiff,**

v.                                                    **CASE NO.: 25-CA-001717**

AMERICAN CONTRACT SYSTEMS, INC.
and  LEESAR, INC.

      **Defendants.**

_____/

## SUMMONS
## IMPORTANT

TO:    **AMERICAN CONTRACT SYSTEMS, INC.**
        **By serving Registered Agent:**

        **CT Corporation System**
        **1200 South Pine Island Road**
        **Plantation, FL 33324**

A lawsuit has been filed against you. **You have twenty (20) calendar days after this summons** (*"Except when suit is brought pursuant to f.s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."*) **is served on you to file a written response to the attached complaint with the clerk of this Court.** A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

1

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no la protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entragar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).+

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens pevent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requirer les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous - meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff / Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff's Attorney:

**VILES & BECKMAN, L.L.C.**
6350 Presidential Court, Suite A
Fort Myers, Florida  33919
Telephone:  (239) 334-3933
Facsimile:  (239) 334-7105
Primary Email: Barbara@vilesandbeckman.com
Secondary Email: Micahel@vilesandbeckman.com
Luis@vilesandbeckman.com
Pleadings@vilesandbeckman.com

*/s/ Barbara L. Walsh*
**Barbara L. Walsh, Esq.**
**FBN: 1030901**

/s/**Michael L. Beckman**
**Michael L. Beckman, Esq.**
**FBN: 128279**

2

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    **YOU ARE COMMANDED** to serve this summons and a copy of the complaint in this

lawsuit on the above named defendant.

    DATED on   __05/01/2025__ , 2025      Kevin C. Karnes

                                        CLERK OF COURTS

                                      By_____

                                            As Deputy Clerk

3