UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUSTIN MAXNER,

    Plaintiff,

  v.
                                Case No. 2:25-cv-476-KCD-NPM

AMERICAN CONTRACT
SYSTEMS, INC.,

    Defendant,
_____/

## ORDER

This toxic tort case arises from exposure to ethylene oxide ("EtO") near a sterilization plant in Fort Myers, Florida. Defendant American Contract Systems, Inc. ("ACS") owns and operates the facility. (Doc. 7 ¶ 6.) Plaintiff Justin Maxner "worked next to the subject facility" where he allegedly "inhaled substantial and dangerous amounts of EtO." (*Id.* ¶¶ 4, 29.) Maxner brings claims for negligence (Count I), strict liability (Count II), and statutory strict liability (Count III). ACS now moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). (Doc. 46.)

ACS first argues that the complaint is a shotgun pleading because it "improperly lumps together two separate entities—ACS and LeeSar, Inc. ('LeeSar')—repeatedly and collectively referring to them as Defendants without identifying which Defendant is responsible for which act or omission." (Doc. 15 at 2.) The Court agrees.

The Eleventh Circuit has identified four "rough types or categories of shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). Pertinent here, a complaint is a shotgun pleading where it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323. Maxner's complaint falls into this category. He treats the two named defendants as indivisible and does not specify who is responsible for which conduct. The Court has rejected Maxner's theory of joint liability (Doc. 44), so we cannot treat the defendants as a cohesive unit.

ACS's motion to dismiss is thus **GRANTED**, and Maxner is directed to file an amended complaint that removes Leesar (Doc. 44) and identifies only the conduct attributable to ACS within fourteen days. The Court will address ACS's remaining arguments if needed in response to the amended complaint.

**ORDERED** in Fort Myers, Florida on December 8, 2025.

Kyle C. Dudek
United States District Judge