**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

JUSTIN MAXNER,

*Plaintiff,*

v.

AMERICAN CONTRACT
SYSTEMS, INC.,

*Defendant.*

Case No. 2:25-CV-00476-KCD-NPM

**DEFENDANT AMERICAN CONTRACT SYSTEMS, INC.'S**
**ANSWER AND JURY DEMAND**

Pursuant to Rules 12 and 15 of the Federal Rules of Civil Procedure, Defendant American Contract Systems, Inc. ("ACS"), by and through their counsel, respectfully responds by generally denying all allegations in plaintiff Justin Maxner's Amended Complaint for Damages (the "Amended Complaint"), filed on December 19, 2025, except as set forth below. The repetition of some of the Amended Complaint's headings and subheadings is done solely for organizational purposes and is not an admission to their truth. Silence as to any allegations shall constitute a denial:

**I. INTRODUCTION**

1.    ACS admits that ethylene oxide ("EtO") is typically an odorless and colorless gas. ACS is unable to respond to the remaining allegations in Paragraph 1 of the Amended Complaint because the terms "many" and "close proximity" are undefined, vague, and ambiguous. To the extent the allegations in Paragraph 1 of the

Amended Complaint also concern "Plaintiffs" other than plaintiff Maxner, ACS lacks sufficient knowledge or information to form a belief as to the truth of such allegations and therefore denies the same. ACS denies that Figure 1—which is undated, lacks any scale, and does not identify its source—accurately characterizes and depicts 11600 Adelmo Ln, Fort Myers, FL 33966 and 6241 Arc Way, Fort Myers, FL 33966. ACS denies any remaining allegations in Paragraph 1 of the Amended Complaint.

2. ACS admits only that it sterilized medical equipment in a leased space at 11600 Adelmo Lane, Fort Myers, Florida 33966. ACS denies any remaining allegations in Paragraph 2.

3. The allegations in Paragraph 3 of the Amended Complaint constitute legal conclusions to which no response is required. Further, ACS is unable to respond to the remaining allegations in Paragraph 3 because the terms "release" and "densely populated" are undefined, vague, and ambiguous. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 3.

4. ACS lacks sufficient knowledge or information to form a belief as to the truth of the allegations related to plaintiff's location and time of employment and therefore denies the same. ACS denies the remaining allegations in Paragraph 4.

## II. **PARTIES**

5. ACS lacks sufficient knowledge or information to form a belief as to the truth of allegations regarding plaintiff's residence and place of employment and therefore denies allegations regarding the same. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 5.

6.     ACS admits only that it is licensed to do business in Florida and leased space at 11600 Adelmo Lane, Fort Myers, Florida 33966, where it conducted sterilization operations. To the extent the allegations in Paragraph 6 of the Amended Complaint are directed to LeeSar, a third-party that has been dismissed from the case, no response is necessary and therefore ACS denies the same. ACS denies that it conducted a joint operation with LeeSar. ACS denies any remaining allegations in Paragraph 6.

## III. VENUE

7.     The allegations in Paragraph 7 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations.

8.     The allegations in Paragraph 8 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations, except those admitted in Paragraph 2 above.

## IV. FACTUAL ALLEGATIONS ETHYLENE OXIDE ("EtO")

9.     ACS admits only that ethylene oxide ("EtO") is generally used to sterilize products, including medical supplies, food products, cosmetics, and pharmaceutical ingredients. The remaining allegations in Paragraph 9 contain legal and scientific conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 9.

10.     The allegations in Paragraph 10 contain legal and scientific conclusions to which no response is required. To the extent a response is required, ACS admits

3

ethylene oxide is an effective sterilizing agent, but denies any other such allegations. ACS is unable to respond to the allegations in Paragraph 10 because the terms "properties," "effective," "extremely dangerous," "breaking down," and "long periods" are undefined, vague and ambiguous. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 10.

11.    ACS admits only that ethylene oxide is typically an odorless and colorless gas. The remaining allegations contain legal and scientific conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 11 because the terms "widely" and "scientific community" are undefined, vague, and ambiguous. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 11.

12.    The allegations in Paragraph 12 contain legal and scientific conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the allegations in Paragraph 12 because the terms "damaging properties," "decades," "consensus," and "scientific community" are undefined, vague, and ambiguous. To the extent a response is required, ACS denies such allegations. Further, to the extent the allegations in Paragraph 12 refer to extrinsic documents not attached to or part of the Amended Complaint, ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 12.

13. The allegations in Paragraph 13 contain legal and scientific conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies the allegations in Paragraph 13 to the extent they refer to extrinsic documents not attached to or part of the Amended Complaint. ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 13.

14. The allegations in Paragraph 14 contain legal and scientific conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 14 because the terms "long," "well known," and "control" are undefined, vague and ambiguous. To the extent a response is required, ACS denies such allegations. ACS denies the allegations in Paragraph 14 accurately characterize the "atmospheric half-life of EtO." To the extent the allegations in Paragraph 14 refer to extrinsic documents not attached to or part of the Amended Complaint, ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 14.

## V. <u>ACS PLANT</u>

15. In response to the allegations in Paragraph 15, ACS admits only that it sterilized medical equipment in a leased space at 11600 Adelmo Lane, Fort Myers, Florida 33966. ACS denies any remaining allegations in Paragraph 15.

16. The allegations in Paragraph 16 contain legal and scientific conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS admits only that it leased 11600 Adelmo Lane, Fort Myers, Florida 33966, where it sterilized medical equipment. ACS denies any remaining allegations in Paragraph 16.

17. The allegations in Paragraph 17 contain legal and scientific conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the allegations in Paragraph 17 because the terms "[a]t all times material" and "heated/aeration cabinets" are undefined, vague, and ambiguous. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 17.

18. ACS admits that as part of its sterilization operations, injection units directly inject a small amount of EtO into sterilization bags that contain medical equipment. ACS is unable to respond to the remaining allegations in Paragraph 18 of the Amended Complaint because the terms "traditional," "pallet-chamber sterilizer," "plant," "flooding," and "large" are undefined, vague, and ambiguous. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 18.

19. ACS admits that it leased space at 11600 Adelmo Lane, Fort Myers, Florida 33966, where it sterilized medical kits. ACS is unable to respond to the remaining allegations in Paragraph 19 because the terms "discharged," surrounding the plant/facility," "over the years," "large quantities," "released," and "number of

6

persons" are vague and ambiguous. To the extent a response is required, ACS denies such allegations. The remaining allegations in Paragraph 19 also contain legal and scientific conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 19.

20.    To the extent the allegations in Paragraph 20 refer to extrinsic documents not attached to or part of the Amended Complaint, ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 20.

21.    The allegations in Paragraph 21 refer to extrinsic documents not attached to or part of the Amended Complaint. ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 21.

22.    To the extent the allegations in Paragraph 22 refer to extrinsic documents not attached to or part of the Amended Complaint, ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 22.

23.    ACS admits only that dry bed scrubbers were installed by July 2023 in the leased space at 11600 Adelmo Lane, Fort Myers, Florida 33966. ACS lacks information regarding the source and accuracy of the purported images labeled "2014

Rooftop," "2023 Rooftop," and "2024 Rooftop" in Paragraph 23, and on that basis denies all allegations based on those images. To the extent the allegations in Paragraph 23 contain legal and scientific conclusions, a response is not required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 23 of the Amended Complaint because the terms "plant/facility," "activities," "industrial exhaust control systems," "safely," "contaminated," "released," "sometime," and "used parts" are undefined, vague, and ambiguous. ACS denies any remaining allegations in Paragraph 23.

24. The allegations in Paragraph 24 contain legal and scientific conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies the allegations in Paragraph 24 of the Amended Complaint.

25. The allegations in Paragraph 25 contain legal and scientific conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies the allegations in Paragraph 25 of the Amended Complaint.

26. ACS denies all allegations in Paragraph 26 of the Amended Complaint.

27. The allegations in Paragraph 27 contain legal and scientific conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS lacks sufficient knowledge or information to form a belief as to the truth of the allegations about EPA, a third party, and therefore denies the same. To the extent that the allegations in Paragraph 27 refer to extrinsic documents not

attached to or part of the Amended Complaint, ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS is unable to respond to the remaining allegations in Paragraph 27 because the terms "discovered," "high levels," and "released" are undefined, vague, and ambiguous. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 27.

28.    ACS admits only that the U.S. Environmental Protection Agency ("EPA") held a public meeting on November 1, 2023, regarding ACS's sterilization operations at 11600 Adelmo Ln, Ft Myers, FL 33966. ACS is unable to respond to the remaining allegations in Paragraph 28 because the terms "alerting" and "released" are undefined, vague, and ambiguous. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 28.

29.    To the extent that the allegations in Paragraph 29 refer to extrinsic documents not attached to or part of the Amended Complaint, ACS states that such documents speak for themselves and denies allegations to the extent they misstate or mischaracterize such documents. ACS denies that Figure 2 provides any information regarding alleged risk exposure modeling for plaintiff's alleged place of work. ACS lacks sufficient knowledge or information to form a belief as to the truth of allegations pertaining to "the location where MAXNER worked" and therefore denies the same. The allegations in Paragraph 29 also contain legal and scientific conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 29.

30. The allegations in Paragraph 30 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 30 because the terms "at all relevant times" and "various" are undefined, vague, and ambiguous. ACS denies any remaining allegations in Paragraph 30.

31. The allegations in Paragraph 31 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 31 because the term "neighboring community" is undefined, vague, and ambiguous. ACS denies any remaining allegations in Paragraph 31.

## VI. <u>CAUSES OF ACTION</u>

### <u>COUNT I NEGLIGENCE</u>

32. ACS incorporates by reference its responses in all preceding paragraphs as if fully set forth herein.

33. ACS admits only that it sterilized medical surgical packs at 11600 Adelmo Ln, Ft Myers, FL 33966. ACS denies any remaining allegations in Paragraph 33.

34. The allegations in Paragraph 34 contain legal and scientific conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 34.

35. The allegations in Paragraph 35 refer to extrinsic documents not attached to or part of the Amended Complaint. ACS states that such documents speak for

themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS is unable to respond to the remaining allegations in Paragraph 35 because the terms "[a]t all material times" and "heated aeration cabinets" are undefined, vague, and ambiguous. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 35.

36.    ACS is unable to respond to the allegations in Paragraph 36 because the terms "throughout," "history," and "required" are undefined, vague, and ambiguous. The allegations in Paragraph 36 of the Amended Complaint also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 36.

37.    The allegations in Paragraph 37 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 37.

38.    The allegations in Paragraph 38 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. To the extent the allegations in Paragraph 38 refer to extrinsic documents not attached to or part of the Amended Complaint, ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 38.

11

39.    The allegations in Paragraph 39 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 39.

40.    The allegations in Paragraph 40 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 40 because the terms "entire period," "non-compliance," "safer," "customary," and "technically feasible" are vague and ambiguous. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 40.

41.    The allegations in Paragraph 41 constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 41 because the terms "testing," "regulatory compliance," and "[a]t all times material" are undefined, vague and ambiguous. ACS denies any remaining allegations in Paragraph 41.

42.    The allegations in Paragraph 42 constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 42 because the terms "[a]t all times material" and "adequately" are undefined, vague and ambiguous. ACS denies any remaining allegations in Paragraph 42.

43.    The allegations in Paragraph 43 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required,

ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 43 because the term "[a]t all times material" is undefined, vague and ambiguous. ACS denies any remaining allegations in Paragraph 43.

44.     The allegations in Paragraph 44 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 44 because the term "[a]t all times material" is undefined, vague and ambiguous. ACS denies any remaining allegations in Paragraph 44.

45.     The allegations in Paragraph 45 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 45 because the term "[a]t all times material" is undefined, vague and ambiguous. ACS denies any remaining allegations in Paragraph 45.

46.     The allegations in Paragraph 46 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 46 because the term "[a]t all times material" is undefined, vague and ambiguous. ACS denies any remaining allegations in Paragraph 46.

47.     The allegations in Paragraph 47 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 47 because the terms "[a]t all times material hereto" and "surrounding

13

area" are undefined, vague and ambiguous. ACS denies any remaining allegations in Paragraph 47.

48.     The allegations in Paragraph 48 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 48 because the term "[a]t all times material" is undefined, vague and ambiguous. ACS denies any remaining allegations in Paragraph 48.

49.     The allegations in Paragraph 49 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 49 because the term "[a]t all times material" is undefined, vague and ambiguous. ACS denies any remaining allegations in Paragraph 49.

50.     The allegations in Paragraph 50 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 50 because the term "[a]t all times material" is undefined, vague and ambiguous. ACS denies any remaining allegations in Paragraph 50.

51.     The allegations in Paragraph 51 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 51 because the terms "[a]t all times material" and "heated/aeration

cabinets" are undefined, vague and ambiguous. ACS denies any remaining allegations in Paragraph 51.

52.    The allegations in Paragraph 52 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 52 because the term "[a]t all times material" is undefined, vague and ambiguous. ACS denies any remaining allegations in Paragraph 52.

53.    The allegations in Paragraph 53 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 53 because the term "[a]t all times material" is undefined, vague and ambiguous. ACS denies any remaining allegations in Paragraph 53.

54.    The allegations in Paragraph 54 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 54 because the term "[a]t all times material" is undefined, vague and ambiguous. ACS denies any remaining allegations in Paragraph 54.

55.    The allegations in Paragraph 55 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 55 because the terms "[a]t all times material," "discharge," "poorly,"

"timely," and "mitigate" are undefined, vague and ambiguous. ACS denies any remaining allegations in Paragraph 55.

56. The allegations in Paragraph 56 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 56 because the terms "[a]t all times material," "properly," "heated/aeration cabinets," "discharge," "poorly," "timely," and "mitigate" are undefined, vague and ambiguous. ACS denies any remaining allegations in Paragraph 56.

57. The allegations in Paragraph 57 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 57 because the terms "[a]t all times material," "a lot," "poorly," "area," "heavily populated," and "secluded" are vague and ambiguous. ACS denies any remaining allegations in Paragraph 57.

58. The allegations in Paragraph 58 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 58.

59. The allegations in Paragraph 59 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 59.

16

60.    The allegations in Paragraph 60 constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 60.

61.    The allegations in Paragraph 61 constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 61.

62.    The allegations in Paragraph 62 constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 62.

63.    The allegations in Paragraph 63 constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 63.

64.    The allegations in Paragraph 64 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is also unable to respond to the remaining allegations in Paragraph 64 because the term "secluded area" is undefined, vague and ambiguous. ACS denies any remaining allegations in Paragraph 64.

65.    The allegations in Paragraph 65 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 65.

66.   The allegations in Paragraph 66 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 66.

67.   The allegations in Paragraph 67 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 67 because the term "adequate" is undefined, vague, and ambiguous. ACS denies any remaining allegations in Paragraph 67.

68.   The allegations in Paragraph 68 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 68.

69.   The allegations in Paragraph 69 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies that any injuries alleged in the Amended Complaint were caused by ACS. ACS denies any remaining allegations in Paragraph 69.

70.   The allegations in Paragraph 70 and the WHEREFORE clause constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies that any injuries alleged in the Amended Complaint were caused by ACS. ACS denies any remaining allegations in Paragraph 70 and denies plaintiff is entitled to any of the relief sought, as alleged in the subsequent WHEREFORE clause.

## <u>COUNT II STRICT LIABILITY ULTRAHAZARDOUS ACTIVITY</u>

71.    ACS incorporates by reference its responses in all preceding paragraphs as if fully set forth herein.

72.    ACS admits that EtO is typically an odorless and colorless gas used for sterilization. ACS is unable to respond to the remaining allegations in Paragraph 72 because the terms "volatile," "agent," "neurotoxin," "mutagen," "extended periods," and "surrounding community" are undefined, vague, and ambiguous. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 72.

73.    ACS admits only that it leased space located at 11600 Adelmo Lane, Fort Myers, Florida 33966, where it sterilized medical equipment. The remaining allegations in Paragraph 73 contain legal and scientific conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 73 because the terms "stream of commerce," "public environment," "deliberate," "processes," and "nearby areas" are undefined, vague, and ambiguous. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 73.

74.    The allegations in Paragraph 74 contain legal and scientific conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 74.

75. The allegations in Paragraph 75 contain legal and scientific conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. To the extent that the allegations in Paragraph 75 refer to extrinsic documents not attached to or part of the Amended Complaint, ACS states that such documents speak for themselves and denies such allegations to the extent they misstate or mischaracterize such documents. ACS denies any remaining allegations in Paragraph 75.

76. The allegations in Paragraph 76 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies that any injuries alleged in the Amended Complaint were caused by ACS.

77. ACS is unable to respond to the allegations in Paragraph 77 because the terms "surrounding community," "adequate containment," "proper warnings," "neurological harm," "adequate monitoring and measuring," "safer alternative designs," "complete scrubber control," "cabinets," "substantially reduced," "risk of harm," "heavily populated," and "reasonably secluded" are undefined, vague, and ambiguous. To the extent a response is required, ACS denies such allegations. The allegations in Paragraph 77 also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 77.

78. The allegations in Paragraph 78 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required,

ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 78 because the terms "hazardous product," "environmental release," "reasonable steps," "mitigate," and "danger" are undefined, vague, and ambiguous. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 78.

79.     ACS admits only that it leased space at 11600 Adelmo Lane, Fort Myers, Florida 33966, where it conducted sterilization operations using ethylene oxide. The remaining allegations in Paragraph 79 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS is unable to respond to the remaining allegations in Paragraph 79 because the terms "[a]t all relevant times," "regular use," "highly toxic," "releasing," and "surrounding airspace" are undefined, vague, and ambiguous. To the extent a response is required, ACS denies such allegations. ACS denies any remaining allegations in Paragraph 79.

80.     The allegations in Paragraph 80 and subparagraphs (a) to (f) contain legal and scientific conclusions to which no response is required. To the extent a response is required, ACS denies such allegations.

81.     The allegations in Paragraph 81 contain legal and scientific conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies that any injuries alleged in the Amended Complaint were caused by ACS.

82.     The allegations in Paragraph 82 constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. The allegations in the subsequent WHEREFORE clause also constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations. ACS denies that any injuries alleged in the Amended Complaint were caused by ACS. ACS denies any remaining allegations in Paragraph 82 and denies plaintiff is entitled to any of the relief sought, as alleged in the subsequent WHEREFORE clause.

### COUNT III STATUTORY STRICT LIABILITY

83.     Per the Court's March 5, 2026 Order (Doc. 52), the Court dismissed with prejudice Count III of plaintiff's Amended Complaint (Doc. 47). Accordingly, no response is required to Paragraphs 83 through 91 of the Amended Complaint. To the extent a response is required, ACS denies each and every allegation in Paragraphs 83 through 91 of the Amended Complaint.

### VIII. DEMAND FOR JURY TRIAL

92.     The allegations in Paragraph 92 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, ACS denies such allegations.

### AFFIRMATIVE DEFENSES

ACS denies all liability whatsoever and denies all allegations in the Amended Complaint unless expressly admitted above. By setting forth the defenses below, ACS does not assume the burden of proving any fact, issue, or element of a cause of action.

22

Moreover, ACS does not intend these defenses to be construed as an acknowledgement that any particular issue or subject matter is relevant to allegations in the Amended Complaint. ACS alleges the following affirmative defenses to each alleged cause of action asserted in the Amended Complaint, and hereby gives notice and reserves its right to amend this Answer to allege additional affirmative defenses that may later be ascertained during the course of discovery.

1.    The Amended Complaint, in whole or in part, fails to state a claim or cause of action against ACS upon which relief can be granted.

2.    The Amended Complaint, in whole or in part, fails to plead a legally cognizable injury upon which relief can be granted.

3.    Plaintiff caused and/or allowed, in whole or in part, the damages that he seeks to recover.

4.    Plaintiff is not entitled to have his claims tried by a jury in whole or in part.

5.    The conduct of ACS in all activities at issue has been and is under the supervision of the U.S. Environmental Protection Agency and applicable local and state environmental agencies. Accordingly, the claims of plaintiff are barred, in whole or in part, by the doctrine of primary jurisdiction.

6.    Plaintiff's claims may be barred, in whole or in part, by his failure to join necessary or indispensable parties.

7.    Plaintiff's claims are barred, in whole or in part, because plaintiff is not the real party in interest.

8.     Plaintiff's claims and damages are barred, in whole or in part, by common law, statutory, and state constitutional constraints on the exercise of police powers.

9.     Plaintiff's claims and damages are barred, in whole or in part, by the political question and separation of powers doctrines.

10.    Plaintiff's claims are barred, in whole or in part, because plaintiff lacks capacity to bring common law claims for damages, including claims maintained, even indirectly, and/or claims brought as *parens patriae*.

11.    ACS had no duty to warn of the possible dangers associated with its sterilization activities to plaintiff.

12.    Plaintiff's claims are barred by the applicable statutes of limitations and/or statute(s) of repose, including, but not limited to Fla. Stat. Ann. § 95.11(5)(a), Fla. Stat. Ann. § 95.031(b), and/or any other applicable statute of a State whose law may apply. To the extent plaintiff knew or reasonably should have known of any wrongfully caused injuries, none being admitted, outside of the applicable limitations period(s), plaintiff's claims are time-barred.

13.    Plaintiff's claims may be barred, in whole or in part, because the representations ACS allegedly made, if any, were not made with the intent to mislead plaintiff. None of ACS's acts, conduct, omissions, or statements alleged in the Amended Complaint were likely to mislead or deceive.

14.    Plaintiff's claims may be barred, in whole or in part, for lack of standing.

15.    Plaintiff's claims may be barred, in whole or in part, by the applicable

24

statute of frauds.

16.    Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches.

17.    Plaintiff's claims may be barred, in whole or in part, by the doctrine of waiver.

18.    Plaintiff's claims may be barred, in whole or in part, by the doctrine of res judicata.

19.    Plaintiff's claims may be barred, in whole or in part, by the doctrine of collateral estoppel.

20.    Plaintiff's claims may be barred, in whole or in part, by the economic loss doctrine and/or action doctrine.

21.    Plaintiff's claims may be barred, in whole or in part, by the doctrines of acquiescence, settlement, and release.

22.    Plaintiff's claims may be barred, in whole or in part, to the extent that they violate U.S. Constitution, including but not limited to the Due Process, Ex Post Facto, or Dormant Commerce clauses, and any applicable state Constitution.

23.    Plaintiff's claims may be barred, in whole or in part, by the comparative or contributory negligence for which ACS is neither liable nor responsible. Plaintiff's claims may be specifically barred, limited or reduced by Chapter 768 of the Florida Statutes (Fla. Stat. §§ 768.041-768.81.) and/or any other applicable statute of a State whose law may apply. The injuries and/or damages asserted in the Amended Complaint, none being admitted, can be attributed to several causes

and, accordingly, should be apportioned among the various causes according to the respective contribution or pro rata share of each such cause to the harm sustained. Thus, any recovery by plaintiff may be barred, in whole or in part, by the principle of comparative or contributory fault. In the event ACS is found liable to plaintiff, ACS asserts its rights to indemnification, contribution, and/or apportionment.

24.     The alleged injuries complained of in the Amended Complaint, none being admitted, were proximately caused by the misuse, abuse, alteration, and/or failure to properly utilize, maintain, or care by persons other than ACS.

25.     Plaintiff's claims may be barred, in whole or in part, under the principles of assumption of the risk, whether primary, express, implied, and/or informed consent.

26.     Plaintiff's claims are barred, in whole or in part, because ACS's sterilization activities complied with all applicable statutes, government regulations, recognized prevailing industry standards, and state of the art, as well as with federal and state standards and regulations governing such emissions, including but not limited to the regulations of the U.S. Environmental Protection Agency and applicable local and state environmental agencies, and any permits issued by those agencies.

27.     At all relevant times, ACS has fully performed any and all contractual, statutory, and other duties, and plaintiff is therefore estopped from asserting any cause of action against ACS.

28.     Any alleged negligent or culpable conduct of ACS, none being admitted,

was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of any alleged injuries asserted in the Amended Complaint.

29. Plaintiff's claims may be barred, in whole or in part, because ACS is not liable for any misinformation or lack of information provided by independent third parties.

30. To the extent plaintiff asserts claims premised on actual or constructive fraud, false representation, misrepresentation, deceit, concealment, or similar alleged misconduct, plaintiff fails to state his claims with particularity, including, but not limited to, the time, place, and content of the alleged misrepresentations or concealments and any justified reliance.

31. To the extent plaintiff seeks damages, including, but not limited to, exemplary or punitive damages, plaintiff fails to specifically state their nature or provide details sufficient to inform ACS of the nature of his claims.

32. Plaintiff's claims are barred, in whole or in part, because ACS acted in good faith.

33. Plaintiff's claims may be barred, in whole or in part, because injuries described in the Amended Complaint, if any, none being admitted, resulted from an intervening or superseding cause and/or causes for which ACS is neither liable nor responsible, including but not limited to pre-existing and/or genetic medical conditions, which ACS had no control over, and therefore, cannot be held liable. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening, and sole proximate cause of alleged injury or damages

27

asserted in the Amended Complaint.

34.     The injuries and/or damages asserted in the Amended Complaint, if any, none being admitted, were caused by pre-existing and/or unrelated medical or environmental conditions, diseases, or illnesses.

35.     Plaintiff fails to plead and cannot establish any duty owed to plaintiff by ACS.

36.     Plaintiff's claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

37.     Plaintiff's claims are barred to the extent they are based on alleged violations of industry customs because purported industry customs do not create legal duties on ACS.

38.     Plaintiff's claims are barred, in whole or in part, because the social utility and benefit of the sterilization of medical products outweigh any risk of danger and/or harm, if any.

39.     If plaintiff sustained any injuries or damages as a result of exposure to ethylene oxide, which ACS denies, then such injury or damage was caused by ethylene oxide from sources other than emissions attributable to ACS's sterilization operations, including but not limited to, endogenously produced ethylene oxide.

40.     Plaintiff's claims may be barred, in whole or in part, as duplicate or double recovery for the same injury or damage, contrary to applicable law.

41.     ACS's liability, if any, none being admitted, will not result from its

conduct but is solely the result of an obligation imposed by law, and thus ACS is entitled to complete indemnity, express or implied, by other entities.

42.    Plaintiff's claims for punitive or exemplary damages are barred because plaintiff cannot prove that ACS was malicious, willful, reckless, wanton, or fraudulent, and ACS has neither acted nor failed to act in a manner that entitles plaintiff to recover punitive or exemplary damages.

43.    As a matter of law, plaintiff is not entitled to a declaratory judgment, injunction, attorney's fees, costs, pre-judgment interest, or post-judgment interest for the claims asserted in the Amended Complaint.

44.    At all times material to plaintiff's claims, the state of medical and scientific knowledge did not provide ACS with either knowledge or reason to know of a foreseeable risk of harm to plaintiff stemming from ACS's sterilization operations.

45.    If it is proven at trial that ACS is liable for damages, if any, to plaintiff said liability is not sole, but rather several and proportionate or alternatively joint and several between or among ACS and any other tortfeasors, and consequently, ACS is entitled to have its liability, if any, limited to its proximate share, or alternatively, is entitled to contribution and/or indemnity from such other tortfeasor based on comparative fault and/or vicarious liability.

46.    To the extent any agents, employees, or contractors of ACS caused any of the damages alleged by plaintiff, such agents, employees, or contractors were acting outside the scope of the agency, employment, or contract relationship with

29

ACS, and any recovery against ACS must be reduced by the proportionate fault of such agents, employees, or contractors.

47. To the extent plaintiff is seeking or intends to seek exemplary or punitive damages, such damages are barred or reduced because such an award would violate ACS's due process, equal protection, and/or other rights under the United States Constitution, and/or other applicable state constitutions, and therefore, fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

48. To the extent plaintiff is seeking or intends to seek punitive damages, such damages are preempted, in whole or in part, by applicable federal law and/or state law.

49. Plaintiff's claims are barred, in whole or in part, to the extent that they are governed by the laws of a State that does not recognize such claims or limits such claims.

50. ACS's contribution, if any, to plaintiff's alleged harm, injury, damage and/or loss, which ACS denies, is de minimis.

51. ACS is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of any State whose substantive law might control the action.

52. ACS asserts its right to a proportionate reduction of any damages found against ACS based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or plaintiff. ACS asserts its right to a

proportionate reduction of any damages found against it based on the product, negligence, or other conduct of any settling tortfeasor and/or responsible third party.

53.     Any verdict or judgment rendered against ACS must be reduced by those amounts that have or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, Social Security, worker's compensation, employee benefit programs, and/or part of any settlement. ACS is entitled to a set-off for any collateral source payment, as expressed in Fla. Stat. Ann. § 768.76, that has been paid or are payable to or on behalf of the plaintiff.

54.     ACS is entitled to an individual assessment of fault for each party alleged to have caused any injury, harm, or damage to plaintiff. ACS's liability, if any, none being admitted, must be limited in accordance with the percentage of fault allocated to it by the ultimate trier of fact and/or law. Plaintiff's alleged damages are not indivisible but comprise separate and discrete costs.

55.     Plaintiff's claims are barred, in whole or in part, because the damages sought by plaintiff are speculative, remote, and impossible to ascertain.

56.     Plaintiff's claims are barred in whole or in part because plaintiff suffered no injuries or damages as a result of any action by ACS.

57.     Plaintiff's claims are barred to the extent that ACS has valid defenses that bar recovery by those persons and/or entities on whose behalf plaintiff purportedly seek recovery.

58.     To the extent any claim for relief in the Amended Complaint seeks to recover damages against ACS for alleged acts or omissions of predecessors or successors-in-interest to ACS of any kind or description, ACS asserts that it is not legally responsible and cannot legally be held liable for any such acts or omissions. ACS further asserts that it cannot be held liable for punitive damages and/or exemplary damages which are or may be attributable to the conduct of any predecessor or successor-in-interest. Further, ACS asserts that the conduct of any predecessor or successor-in interest cannot, as a matter of law, provide a legal basis for liability or the imposition of damages against this answering defendant.

59.     ACS asserts the provisions of all applicable statutory caps on damages of any sort, including compensatory, punitive, non-economic or exemplary damages, under any applicable state regulations and laws. To the extent plaintiff seeks punitive or exemplary damages against ACS, any such award of damages is subject to limitations contained in any applicable statute.

60.     Plaintiff's strict liability claims may be barred in whole or in part.

61.     ACS asserts all other defenses that are, or that may become, available to it under the Federal Rules of Civil Procedure (and any state law corollaries), and all other defenses that are, or that may become, available to it under any applicable state statute, law, or regulation.

62.     ACS incorporates by reference each defense asserted by any other known or unknown defendant in this action.

63.     ACS affirmatively states that any award of damages, including but not

32

limited to, for delay or pre- or post- judgment interest in this matter would be unconstitutional and would violate ACS's constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution and provisions of any other state constitution or state laws applicable to plaintiff's claims.

64.    ACS reserves the right to raise such further and additional defenses as may be discovered and available upon the facts to be developed in discovery and under other applicable substantive federal or state law relevant to plaintiff's claims, and to amend this Answer to assert such defenses.

65.    Plaintiff's claims may be barred, in whole or in part, to the extent that they have released, settled, entered into an accord and satisfaction by forming any agreement tending to discharge any liability that may be found to be owed to them by ACS, which ACS denies, or otherwise compromised the causes of action in the Amended Complaint.

66.    Any emissions from government approved sterilization processes, including, but not limited to, the U.S. Environmental Protection Agency and/or other applicable local and state agencies, are not properly the subject of claims by private parties attempting to contest the legitimacy or safety of such processes, protocols, and/or specifications.

67.    Plaintiff's claims may be preempted, in whole or in part, by federal and/or state statutes and/or regulations, including but not limited to, the Federal Food, Drug, Cosmetic Act, the Medical Device Amendments of 1976, and the

Clean Air Act, and their implementing regulations, along with any local, state and federal air quality permits for regulated emissions.

68.    Plaintiff's claims are barred because ACS's sterilization operations and activities do not constitute abnormally dangerous activities or ultra-hazardous activities.

69.    Plaintiff's damages, none being admitted, may be limited in whole or in part to the extent plaintiff failed to mitigate any damages.

70.    Plaintiff's claims are barred, in whole or in part, because plaintiff cannot proffer any scientifically reliable evidence that ACS's sterilization operations were unreasonably dangerous.

71.    To the extent plaintiff sustained any cognizable damages for which he seeks recovery, any such damages were caused in whole or in part by persons or entities other than ACS who are not parties to this lawsuit. Thus, ACS's liability, if any, is limited to its percentage of responsibility for plaintiff's damages, regardless of whether or not other persons or entities are named as co-defendants. All such *Fabre* defendants will be identified through the course of discovery and ACS reserves the right to amend this affirmative defense as necessary.

72.    ACS adopts and relies upon all defenses available within the Restatement (Second) and Restatement (Third) of Torts: Products Liability.

## PRAYER

WHEREFORE, Defendant ACS prays for judgment in its favor and against plaintiff as follows:

1.      That plaintiff takes nothing by way of the Amended Complaint;

2.      That the Amended Complaint be dismissed in its entirety, with prejudice;

3.      That ACS be awarded judgment in this action;

4.      That ACS be awarded costs of suit;

5.      That should ACS be liable for any damages, ACS only be liable for that portion of total damages in proportion to its total responsibility for same; and

6.      That ACS be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

ACS hereby demands a jury trial in the above-entitled action.

Dated: March 19, 2026

Michael J. Thomas
PENNINGTON LAW
215 South Monroe Street
Suite 200
Tallahassee, FL 32301
Telephone: (850) 222-3533
mike@penningtonlaw.com

Respectfully submitted,

/s/ Andrew L. Reissaus
Andrew L. Reissaus, Esq. (*pro hac vice*)
William J. Cople III, Esq. (*pro hac vice*)
Robert E. Johnston, Esq. (*pro hac vice*)
Aleksandra Rybicki, Esq. (*pro hac vice*)
HOLLINGSWORTH LLP
1350 I Street, NW
Washington, DC 20005
Telephone: (202) 898-5800
areissaus@hollingsworthllp.com
wcople@hollingsworthllp.com
rjohnston@hollingsworthllp.com
arybicki@hollingsworthllp.com

*Attorneys for Defendant American Contract Systems, Inc.*

35

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 19, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which provided electronic service upon all counsel of record.

/s/ Andrew L. Reissaus
Andrew L. Reissaus, Esq.